UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK A. VANMEERBEECK, and LISA
ERICKSON VANMEERBEECK,
        Plaintiffs,

v.                                    Case No.: 2:12-cv-11980
                                    Hon. Patrick J. Duggan

M&T BANK and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.,
        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On March 28, 2012, Plaintiffs Kirk A. Vanmeerbeeck and Lisa Erickson Vanmeerbeeck (collectively "Plaintiffs") filed this lawsuit in the Circuit Court for Wayne County, Michigan, seeking compensatory, declaratory, and injunctive relief related to the foreclosure of real property located in Dearborn Heights, Michigan. Defendants Mortgage Electronic Registration Systems ("MERS") and M&T Bank ("M&T") (collectively "Defendants") removed the action to this Court based on diversity jurisdiction. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on May 1, 2012. The matter has been fully briefed, and the Court heard oral argument on July 18, 2012. For the reasons stated below, the Court grants Defendants' motion.

## I.    Factual and Procedural Background

Plaintiffs purchased their home located at 7072 Charlesworth Street in Dearborn Heights, Michigan for $133,500 on December 5, 2005. (*See* Compl. ¶ 8.) To finance the

purchase, they executed a note and mortgage with M&T Mortgage Corporation as the

lender, and MERS as the mortgagee.[1]  (*Id*. ¶¶ 8, 9.)  On September 28, 2006, the note was

sold and pooled with other notes into a trust named "GSAA Home Equity Trust 2006-

15".  (*Id*. ¶ 10, Ex. 2.)  Sometime thereafter, Plaintiffs defaulted on the loan.

On January 12, 2010, M&T sent Plaintiffs a notice of default, requiring payment

within 30 days of the letter to avoid the initiation of foreclosure proceedings.  (*See*

Compl. ¶ 18, Ex. 4.)  On June 30, 2010, the property was sold at a sheriff's sale to MERS

for $69,236.91.  (*Id*. ¶ 20.)  On July 2, 2010, MERS transferred the property to M&T

through a quit claim deed.  (*Id*. ¶ 21.)

On December 20, 2010, Plaintiffs filed a lawsuit against MERS in state court

("*Vanmeerbeeck I*").  (Defs.' Mot. Ex. A.)  In *Vanmeerbeeck I*, Plaintiffs raised only one

claim challenging the foreclosure proceedings: that MERS lacked standing to foreclose.

(*Id*.)  The state court rejected Plaintiffs' challenge and granted MERS' motion for

summary disposition on April 8, 2011.  (*Id*. Ex. B.)  Plaintiffs filed a motion for

reconsideration, which the state court denied on May 17, 2011.  (*Id*. Ex. C.)

Less than a month later, the Michigan Court of Appeals issued its decision in

*Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 342, 807 N.W.2d 412,

423, *rev'd*, 490 Mich. 909, 805 N.W.2d 183 (2011), in which the appellate court held that

MERS, as record holder of a mortgage, lacked standing to initiate foreclosure by

---

[1]Plaintiffs indicate that M&T Mortgage Corporation is a separate entity from Defendant M&T Bank.  Presumably, however, the two entities are related.

advertisement proceedings as it did not own the indebtedness, own an interest in the

indebtedness secured by the mortgage, or service the mortgage.[2]  Presumably in response

to the Michigan Court of Appeals' decision, on August 26, 2011, MERS expunged the

sheriff's deed from the foreclosure sale of Plaintiffs' property.  (*See* Compl. ¶ 22, Ex. 8.)

Thereafter, MERS assigned the mortgage to Plaintiffs' property to M&T.  (*Id.*

¶ 23.)  M&T subsequently re-initiated foreclosure proceedings on the property.  (*Id.* ¶ 24.)

A sheriff's sale was held on November 30, 2011, with M&T as the successful bidder. (*Id.*

¶ 25, Ex. 10.)

Plaintiffs filed the present lawsuit against MERS and M&T in state court on April

28, 2012.  In their Complaint, they allege the following claims: (I) conversion against

M&T, only; (II) breach of contract; (III) wrongful foreclosure under Michigan Compiled

Laws § 600.3204(3); (IV) wrongful foreclosure under Michigan Compiled Laws

§ 600.3204(1)(d); (V) quiet title; (VI) slander of title; and, (VII) civil conspiracy.

## II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78

F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a

pleading must contain a short and plain statement of the claim showing that the pleader is

entitled to relief.  The Supreme Court has provided that, to survive a motion to dismiss, a

---

[2]The Supreme Court held otherwise in its decision reversing the appellate court.  *See Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011).

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974

(2007)). A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The

plausibility standard "does not impose a probability requirement at the pleading stage; it

simply calls for enough fact to raise a reasonable expectation that discovery will reveal

evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a plausible claim, the court must

accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*,

551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not

applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 65). Ultimately,

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context

specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the

pleadings, exhibits attached thereto, and documents referred to in the complaint that are

central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514

(6th Cir. 1999).

III.     **Discussion**

Defendants argue that the claims Plaintiffs bring in this second action are barred

by the doctrine of res judicata.  Defendants contend that M&T is in privity with MERS–

the defendant in *Vanmeerbeeck I*– and that res judicata bars "further claims by parties or

their privies based on the same cause of action."  (Defs.' Mot. at 4.)

"Res judicata [or claim preclusion] bars a subsequent action between the same

parties when the evidence or essential facts are identical."  *Sewell v. Clean Cut Mgmt.,*

*Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222, 225 (2001).  For res judicata to apply, the

following conditions must be met:

> (1) there has been a prior decision on the merits, (2) the issue was either
> actually resolved in the first case or could have been resolved in the first
> case if the parties, exercising reasonable diligence, had brought it forward,
> and (3) both actions were between the same parties or their privies.

*Paige v. City of Sterling Heights*, 476 Mich. 495, 522 n.46, 720 N.W.2d 219, 234 n.46

(2006).  Michigan courts apply this doctrine broadly to bar "not only claims already

litigated, but every claim arising from the same transaction that the parties, exercising

reasonable diligence, could have raised but did not."  *Sewell*, 463 Mich. at 575, 621

N.W.2d at 225.  In the present case, there is no dispute that the first condition is satisfied.

(*See* Pl.'s Resp. at 6.)  Plaintiffs, however, dispute whether the remaining elements are

present.

A.     **Privity**

Plaintiffs argue that M&T and MERS are not in privity and therefore res judicata

does not apply.  (*See* Pl.'s Resp. at 8.)  As an initial matter, MERS is the same party that

Plaintiffs sued in *Vanmeerbeeck I* and so this first element is satisfied as it to.  As to

M&T, the Michigan courts have held that where a party seeks to assert the *res judicata*

doctrine defensively, that party need not be in privity with a party to the prior action.  *See*

*Monat v. State Farm Ins. Co.*, 469 Mich. 679, 695, 677 N.W.2d 843, 852 (2004);

*Motuelle v. Ruffini*, No. 244557, 2004 WL 1254304, at * (Mich. Ct. App. June 8, 2004)

(applying *Monat* in the context of collateral estoppel).  Thus this element need not be

satisfied to apply *res judicata* to bar Plaintiffs' attempt to litigate claims that it raised or

could have raised in *Vanmeerbeeck I*.  In any event, the Court finds MERS and M&T to

be in privity.

For purposes of res judicata, privity "means a successor in interest to the party, one

who controlled the earlier action, or one whose interests were adequately represented."

*Sanders Confectionery Products v. Heller Fin.*, 973 F.2d 474, 481 (6th Cir. 1992).  As the

Michigan Supreme Court has provided:

> To be in privity is to be so identified in interest with another party that the
> first litigant represents the same legal right that the later litigant is trying to
> assert. The outer limit of the doctrine traditionally requires both a
> substantial identity of interests and a working functional relationship in
> which the interests of the nonparty are presented and protected by the party
> in the litigation.

*Adair v. State*, 470 Mich. 105, 122, 680 N.W.2d 386, 396 (2004) (internal quotation

marks and citations omitted).  Thus to find privity for purposes of *res judicata*, "a perfect

identity of the parties is not required, only a 'substantial identity of interests' that are

adequately presented and protected by the first litigant." *Id*.

Here, M&T was the servicer of the note when the first foreclosure proceedings were initiated. (*See* Compl. Ex. 4.) MERS later assigned the mortgage to M&T and M&T initiated the second foreclosure proceedings. M&T thus acquired, and shared, MERS' interest in the property and privity exists between the two entities. *See, e.g. Middlebrook v. Mortg. Elec. Registration Sys., Inc.*, No. 11-10612, 2011 WL 6934233, at 4 (E.D. Mich. Dec. 30, 2011) (unpublished) (holding that there was privity between MERS and U.S. Bank due to MERS assignment of the mortgage at issue to U.S Bank); *Harris-Gordon v. Mortg. Elec. Registration Sys.*, No. 309CV02700, 2010 WL 3910167, at 3 (N.D. Ohio Oct. 4, 2010) (unpublished) (finding that MERS and another defendant to whom MERS transferred the note and mortgage were in privity as the latter acquired the former's in the subject of the action.).

## B.    Claims that were or should have been litigated

Defendants contend that the current suit arises out of the same transaction at issue in *Vanmeerbeeck I* (i.e., the loan and mortgage associated with Plaintiffs' property). (*See* Defs.' Mot. at 6.) They argue that the claims Plaintiffs now assert concerning whether Defendants retained servicing rights after the mortgage was allegedly sold to a trust and an interest allowing them to foreclose on the property could have and should have been litigated in the prior action. (*Id*.)

Plaintiffs respond that the claims now asserted could not have been brought in the first suit because the second foreclosure sale had not yet occurred. (*See* Pl.'s Resp. at 6.)

Plaintiffs contend that Counts III-VII involve a different set of operative facts involving the second foreclosure sale. (*Id*. at 7.)  Plaintiffs also contend that Counts I and II could not have been brought in the first action because Defendants intentionally hid the true owners of Plaintiffs' note.  (*Id*.)  Plaintiffs state that "[o]nly after retaining an expert in mortgage backed securities were Plaintiffs able to uncover that their loan had been securitized and was actually owned by a [trust]."  (*Id*.)

The Court agrees with Defendants that all of Plaintiffs' claims in the present lawsuit could and should have been brought in the first action.  Plaintiffs are asserting challenges to the same note and mortgage transaction involved in *Vanmeerbeeck I* and are not challenging the second foreclosure proceedings *per se*.  In other words, Plaintiffs' claims in this second lawsuit arise out of the mortgage and note (and transfers of the latter occurring prior to the first foreclosure proceedings) and not anything that was done or not done with respect to the foreclosure proceedings.  Specifically, in their conversion claim (Count I), Plaintiffs allege that M&T lacked authority to collect mortgage payments from Plaintiffs after the loan was transferred to the trust.  (*See* Compl. ¶ 30.)  In their breach of contract claim (Count II), Plaintiffs allege that Defendants' failure to notify Plaintiffs of transfers of the mortgage or note breached a contract.  (*Id*. ¶¶ 38-42.)  Plaintiffs allege in their wrongful foreclosure claims (Counts III and IV) that there is no record chain of title and that M&T lacked authority to service Plaintiffs' note.  (*Id*. ¶¶ 50, 61.)  In Plaintiffs' remaining claims, they challenge Defendants' rights in the mortgage, whether Defendants were true parties in interest of Plaintiffs' note, and whether Defendants intentionally used

8

MERS to hide the true owner of Plaintiffs' note.  (*Id*. ¶¶ 73, 81, 87.)

Plaintiffs cite no supporting authority that justifies an exception to *res judicata* based on the discovery of new facts that, through reasonable diligence, could have been discovered prior to the first litigation.  In short, the claims Plaintiffs now assert arise from the same transactions litigated in *Vanmeerbeeck I* and are claims that Plaintiffs, exercising reasonable diligence, could have and should have raised, but did not in the prior litigation.

## IV.   Conclusion

For the reasons discussed above, this Court holds that the claims asserted in Plaintiffs' Complaint are barred by res judicata.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

Date:  July 18, 2012                           s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Brian P. Parker, Esq.
Charles DeGryse, Esq.
Dennis J. Levasseur, Esq.
Niesa R. Trent, Esq.